

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 2 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

REGINALD CHARLES WILLIAMS, PRO SE, §
TDCJ-CID # 527554,                                   §
                                                                   §
          Plaintiff,                                          §
                                                                   §
v.                                                              §     2:07-CV-0055
                                                                   §
NATHANIEL QUARTERMAN,                     §
Director TDCJ-CID,                                    §
                                                                   §
          Defendant.                                        §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff REGINALD CHARLES WILLIAMS, acting pro se and while a prisoner

incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has

filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-

referenced defendant and has been granted permission to proceed in forma pauperis

Plaintiff argues he has a liberty interest in being released on parole after earning good

time credits and serving a portion of his sentence because legislation creates an expectancy of

early release. Plaintiff contends he entered his plead agreement with the expectation that he

would be released early if he complied with the regulations of the prison system and complains

that, despite such compliance, he has been denied parole.

Plaintiff requests release on parole and an award of $153,275.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

Plaintiff's claims for declaratory and injunctive relief in the form of immediate release on parole must be pursued through writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Plaintiff's request for monetary relief remains to be considered.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

"In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Moreover, although plaintiff states he entered his plea with the expectation of early release on parole, no basis for such an expectation existed on or about the date of plaintiff's October 10, 1989 sentence date. *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991) (to extent 1987 amendments to Texas parole statutes ever led inmate to believe parole was in the offing, his expectancy of release ended on effective date of 1989 revision of statutes replacing phrase "shall release" with the phrase "may release.").

Thus, whatever plaintiff's subjective expectation, there was, and is, no statutory support for it. *Accord, Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Therefore, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff REGINALD CHARLES WILLIAMS be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

Plaintiff's claim sounding in habeas is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O.

4\07-0055.parole                                3

Box 13084, Capitol Station, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District

Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS ____ DAY OF _____ 2007.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE